UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND HEALEY,<br><br>       Plaintiff,<br> v.<br><br>DR. KIM ADAMSON, *et al.*,<br><br>       Defendants. | Case No. 3:19-cv-00483-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

  *Pro se* Plaintiff Raymond Healey, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. (ECF No. 6.) On February 23, 2021, Healey attended an early mediation conference and reached a settlement agreement with Defendants Brian Egerton and Michael Minev. (ECF Nos. 10, 16.) Defendants now move to enforce the settlement agreement. (ECF No. 17 ("Motion").) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 26), recommending the Court grant Defendants' Motion, order Defendants to perform under the settlement agreement, and dismiss this case.

  Healey filed an objection to the R&R.[1] (ECF No. 28 ("Objection").) In the Objection, Healey argues the settlement agreement lacks consideration (*id.* at 4-8) and that he was under duress when he agreed to the settlement (*id.* at 8-10). Because the Court finds that the settlement agreement does not lack consideration and that Healey was not under duress when he agreed to settle, the Court will adopt the R&R in full, grant Defendants' Motion and dismiss this case.

///

---

[1]Defendants responded. (ECF No. 29.)

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual and procedural background of this case, which the Court adopts.[2] (ECF No. 28 at 1-7.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Healey filed his Objection.[3] (ECF No. 28.)

## IV. DISCUSSION

The Court first addresses Healey's consideration argument, then his duress argument.

### A. Consideration

Healey argues the settlement agreement lacks consideration. He first raised this argument in his opposition to Defendants' Motion. (ECF No. 18 at 5-7.) Healey argues in his opposition that the settlement agreement merely provides for testing for Hepatitis-C, which Defendants are already required to perform under the consent decree entered *In re HCV Prison Litigation*.[4]

Judge Baldwin reasoned in the R&R that the settlement agreement had consideration because "both parties received something they wanted, and both gave up

---

[2]Healey noted in his Objection that he "does not dispute the factual and procedural background articulated in the Report & Recommendation." (ECF No. 28 at 2.)

[3]Defendants allege an incorrect standard of review. (ECF No. 29 at 2-3.) While 28 U.S.C. § 636(b)(1)(A) mandates the clearly erroneous or contrary to law standard, § 636(b)(1)(B)-(C) are applicable here because enforcement of the settlement agreement is a dispositive determination. Accordingly, the Court reviews the conclusions of the R&R de novo.

[4]*See* Case No. 3:19-cv-00577-MMD-CLB (ECF No. 61-1 ("Consent Decree")); *see also In re HCV Prison Litig.*, Case No. 3:19-cv-00577-MMD-CLB, 2020 WL 6363842 (D. Nev. Oct. 29, 2020) (order approving the consent decree).

2

1 something in return." (ECF No. 26 at 10.) Healey received an expedited medical appointment within 30 days and the right to view the result of the testing—neither of which were obligated by the Consent Decree. (*Id.*) Judge Baldwin also noted that Healey would not benefit from the Consent Decree because he was not a member of the class in *In re HCV Prison Litigation*. (*Id.* at 10.) Although the parties dispute whether Healey is a class member, the Court need not reach this issue because it finds that the settlement agreement contains additional provisions not required by the Consent Decree.

The settlement agreement is governed by principles of Nevada contract law. *See May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). Nevada law mandates that contracts be supported by consideration to be legally enforceable. *See Cain v. Price*, 415 P.3d 25, 28 (Nev. 2018). "Consideration is the exchange of a promise or performance, bargained for by the parties." *Jones v. SunTrust Mortg., Inc.*, 274 P.3d 762, 764 (Nev. 2012). "A party's affirmation of a preexisting duty is generally not adequate consideration to support a new agreement." *Cain*, 415 P.3d at 28. But "where a party's promise, offered as consideration, differs from that which it already promised, there is sufficient consideration to support the subsequent agreement." *Id.* (citing 3 Williston on Contracts § 7:41 (4th ed. 2008)).

The Court finds there is sufficient consideration to make the settlement agreement legally enforceable. Even assuming that Healey is a member of the *In re HCV Prison Litigation* class, the Court finds the settlement agreement "differs" from the mandate of the Consent Decree. *Id.* The testing provisions of the Consent Decree require all inmates to be tested before December 31, 2020, and to test inmates during the intake process.[5] The settlement agreement mandates that NDOC will test Healey within 30 days of signing, which would be a test not mandated by the Consent Decree. (ECF No. 16 at 9.) After testing, the settlement agreement further allows Healey to make an appointment to be present and review the results personally, another provision not required by the Consent

---

[5]*See In re HCV Prison Litig.*, Case No. 3:19-cv-00577-MMD-CLB (ECF No. 61-1 at 8.)

Decree. (*Id.* at 10.) Because Healey received additional promises to perform from Defendants, the Court agrees with Judge Baldwin that there was consideration to support the settlement agreement. Accordingly, the Court will overrule Healey's Objection as to his consideration argument.

### B. Duress

Healey also argues that the settlement agreement is voidable because he was not free to leave the mediation conference. (ECF No. 28 at 9.) Healey contends the restrictions on his movement constitute duress. (*Id.* at 10.) As with his consideration argument, Healey had previously raised his duress theory in his opposition to Defendants' Motion. (ECF No. 18 at 3-5.) After reviewing the recording of the early mediation conference and the transcript of the proceedings, Judge Baldwin concluded that "[a]t no point is there any indication or evidence that Healy [sic] was under any type of duress which effectively made it impossible for him to refuse to settle the case." (ECF No. 26 at 9.) The Court agrees.

A contract is voidable due to duress when there has been an "improper threat" that leaves the victim of the duress with "no reasonable alternative" than to assent. *See* Restatement (Second) of Contracts § 175(1); *see also* 28 Williston on Contracts § 71:11 (4th ed.) ("Under the traditional doctrine of duress, courts often speak of an alleged victim of duress as having been deprived of free will or free agency, or of having acted involuntarily as the result of some imminent and wrongful or unlawful act or threat."). Moreover, this Court has previously found that incarcerated plaintiffs may enter into legally enforceable settlement agreements to resolve their claims. *See, e.g.*, *Smith v. Holmes*, Case No. 3:13-cv-00202-MMD-WGC, 2014 WL 4851503 (D. Nev. Sept. 26, 2014) (finding that plaintiff was not under duress when there was no improper pressure, and the terms of the agreement were material).

Although the Court is sensitive to the fact that parties who contract while incarcerated may be at risk of involuntary dealings, there is no evidence of wrongful or coercive acts in this case. Healey does not allege that he was under any undue pressure, or that Defendants or any other party did anything to coerce his consent to the settlement

4

agreement. Instead, he argues that because he was not allowed to leave, he was under duress. Healey never asked to be allowed to leave the settlement conference, nor did he ever indicate that he was appearing at the settlement conference without his consent. To the contrary, Healey actively engaged in the settlement conference by asking questions about its terms. (ECF No. 16 at 5-6.) Even if the fact of his incarceration were enough to make voidable any agreement to compromise his claims—which it is not—Healey does not connect how his presence at the settlement conference in any way disadvantaged him or interfered with his ability to voluntarily agree or disagree to the settlement's terms. The Court therefore agrees with Judge Baldwin that Healey has not demonstrated he was under duress at any time during the settlement negotiations. Accordingly, the Court will overrule Healey's Objection as to the duress argument.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Healey's objection (ECF No. 28) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled. The Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin (ECF No. 26) is adopted in full.

It is further ordered that Defendants' motion to enforce the settlement agreement (ECF No. 17) is granted.

It is further ordered that the settlement agreement (ECF No. 17-1) is ratified as a binding agreement. Defendants are therefore ordered to perform under the terms of the settlement agreement.

///

///

///

It is further ordered that this case is dismissed with prejudice, with the parties to bear their own costs and attorneys' fees.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 10th Day of August 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE